Naomi Spector (SBN 222573)
Email: nspector@kamberlaw.com
**KAMBERLAW, LLP**
3451 Via Montebello, Ste.192-212
Carlsbad, CA 92009
Phone: 310.400.1053
Fax: 212.202.6364

Counsel for Plaintiff Jade Burnett, and the
Putative Class

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | **CASE NO. _____** |
| **Jade Burnett, individually, and on behalf of others similarly situated,** | **CLASS ACTION COMPLAINT FOR:** |
| **Plaintiff,** | **1. UNFAIR AND UNLAWFUL BUSINESS ACTS AND PRACTICES (CAL. BUS & PROF. CODE §17200 ET SEQ.);** |
| **vs.** | **2. DECEPTIVE ADVERTISING PRACTICES (CAL. BUS & PROF. CODE §§ 17500, ET SEQ.); AND** |
| **Walmart, Inc.,** | **3. CONSUMER LEGAL REMEDIES ACT (CAL. CIV. CODE § 1750, ET SEQ.).** |
| **Defendant.** | **DEMAND FOR JURY TRIAL** |

Plaintiff Jade Burnett on behalf of herself and others similarly situated in California, by and through her undersigned counsel, hereby files this First Amended Class Action Complaint and states as follows based on investigation and information and belief:

---

**CLASS ACTION COMPLAINT**

## I. INTRODUCTION

1. Defendant Walmart Inc. manufactures, labels, advertises and sells Great Value Milk Chocolate Flavor Hot Cocoa Mix (the "Products").

2. According to independent scientific testing and analysis, the Products contain 1.152 micrograms of lead per serving.

3. California's Proposition 65 states that the Maximum Allowable Dose Level ("MADL") for reproductive toxicity is 0.5 micrograms of lead per day.[1]

4. The amount of lead contained in a single serving of the Products is more than double the maximum amount set forth by the MADL.

5. Defendant fails to disclose, and materially omits, that the Products contain lead.

6. Despite its failure to disclose the lead in the Products, Defendant prominently advertises the superior quality of the Products.

7. Defendant states on the Product labels that the Products are: "Great Quality. Great Price. Guaranteed. Our guarantee is our promise that you'll be fully satisfied with the quality of every Great Value product." (The "Representation").

8. This express Representation is false and misleading due to the undisclosed lead contained in the Products.

9. Certain other cocoa products available in the marketplace do not contain detectible amounts of lead; or disclose that they contain lead by including a Proposition

---

[1] This action is not brought pursuant to Proposition 65 but, as set forth herein, is brought pursuant to California's consumer protection laws based on consumer deception due to the mislabeling of the Products. Proposition 65, however, provides a predicate basis for violation of the consumer protection law. Proposition 65 also establishes the specific levels of exposure set forth by the California legislature at which "businesses [are required] to provide warnings to Californians about significant exposures to chemicals that cause cancer, birth defects or other reproductive harm." https://oehha.ca.gov/proposition-65/about-proposition-65#:~:text=What%20is%20Proposition%2065?,into%20sources%20of%20drinking%20water.

**CLASS ACTION COMPLAINT**

65 warning on the label of the products.

10.    Defendant, however, intentionally deprives consumers of making an informed choice between its Products and other cocoa products available for purchase by failing to disclose, and materially omitting, that the Products contain lead.

11.    Plaintiff and Class members have suffered economic injury based on their purchase of the Products, which they would not purchased or would have purchased on different terms had they known that the Products contain lead.

## II.    JURISDICTION AND VENUE

12.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

13.    This Court has personal jurisdiction over Defendant because Defendant's contacts with the forum are continuous and substantial, and Defendant intentionally availed itself of the markets within California through the sale and distribution of the Products in California and through the privilege of conducting business in California.

14.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant engages in continuous and systematic business activities within the State of California. Moreover, a substantial part of the events and conduct giving rise to the claims alleged herein occurred in this district. *See also* Declaration of Jade Burnett Regarding Venue Pursuant to Cal. Civ. Code § 1780(d), attached as Exh. A.

## III.    FACTUAL ALLEGATIONS

### A. **Lead Is Harmful and Dangerous**

15.    According to the World Health Organization, "[t]here is no level of exposure to lead that is known to be without harmful effects."[2]

---

[2] https://www.who.int/news-room/fact-sheets/detail/lead-poisoning-and-health

**CLASS ACTION COMPLAINT**

16.     Lead affects almost every organ and system in the body and accumulates in the body over time, leading to severe health risks and toxicity, including inhibiting neurological function, anemia, kidney damage, seizures, and in extreme cases, coma and death.[3]

17.     Lead poisoning "occurs mainly by ingestion of food or water contaminated with lead."[4]

18.     "Lead is thought to be quickly absorbed in the blood stream and is believed to have adverse effects on certain organ systems like the central nervous system, the cardiovascular system, kidneys, and the immune system (Bergeson, 2008)."[5]

19.     "Exposure to lead can affect multiple body systems and is particularly harmful to young children and women of child-bearing age."[6]

20.     In young children, lead can lead to permanent, profound health impairment, including to the brain and nervous system.[7]

21.     The World Health Organization cautions that "there is no known safe blood lead concentration; even blood lead concentrations as low as 3.5 µg/dL may be associated with decreased intelligence in children, behavioural difficulties and learning problems."[8]

22.     Based on the testing results described herein, a child who consumes just three cups of hot cocoa per week made with Defendant's Products consumes 3.5 micrograms of lead.

---

[3] Wani AL, et al., Lead toxicity: a review, INTERDISCIP TOXICOL. (June 2015), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4961898.

[4] Id.

[5] Id.

[6] https://www.who.int/news-room/fact-sheets/detail/lead-poisoning-and-health, available at https://www.who.int/news-room/fact-sheets/detail/lead-poisoning-and-health#:~:text=At%20high%20levels%20of%20exposure,intellectual%20disability%20and%20behavioural%20disorders.

[7] Id.

[8] Id.

**CLASS ACTION COMPLAINT**

23.    Furthermore, a single serving of the Products contains more than double the amount of lead permitted by the MADL for reproductive toxicity.[9]

**B. Defendant Fails to Disclose and Materially Omits that the Products Contain Lead**

24.    In violation of California consumer protection law, Defendant fails to disclose the lead in the Products.

25.    Defendant's conduct is unlawful, misleading and constitutes a material omission, including because the Products pose a hidden health risk.

26.    Defendant has an independent duty to disclose the lead in the Products based on the unreasonable safety hazard associated with using the Products and/or because the Products are unfit for use.

27.    As set forth herein, lead is dangerous to human health.

28.    As set forth herein, there is no Proposition 65 warning, or any other disclosure on the Products labels regarding the lead in the Products.

29.    Although Plaintiff does not bring claims pursuant to Proposition 65, Defendant's violation of Proposition 65 provides a predicate basis for violation of California's Unfair Competition Law, as set forth below.

**C. Reasonable Consumers Are Likely to Be Misled and Deceived by Defendant's Omission that the Products Contain Lead**

30.    The Great Value brand is a trusted, household name.

31.    Defendant's express label Representation is designed to foster consumer trust and brand loyalty.

32.    Reasonable consumers of Defendant's Products, like Plaintiff, have no reason to suspect or know that the Products contain lead.

33.    Defendant knew, or should have known, that the Products contain lead and willfully or intentionally failed to disclose this fact to consumers.

---

[9] https://oehha.ca.gov/proposition-65/chemicals/lead-and-lead-compounds.

**CLASS ACTION COMPLAINT**

34.    Defendant owed consumers a duty of care to adequately test its Products for the presence of heavy metals and, if any such metals were found, to remediate or disclose their presence.

35.    Defendant, however, failed to disclose and materially omitted that the Products contain lead.

36.    The disclosure of lead in the Products would negatively impact Defendant's sales of the Products and its bottom line.

37.    If consumers knew that the Products contain lead, particularly in the amounts set forth herein, they would not purchase the Products.

38.    According to independent scientific testing and analysis, there are other cocoa products available to consumers that do not contain lead in excess of the MADL.

39.    In addition, independent scientific testing of one cocoa brand demonstrates that the brand does not contain a detectable level of lead.

40.    Still other cocoa products, such as NATIVAS ORGANICS organic cacao powder, contain a warning that their cocoa contains lead, as follows: "WARNING: Consuming this product can expose you to chemicals, including lead, which are known to the State of California to cause birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov/food."

41.    Consumers are deprived of making the informed choice between Defendant's Products and other cocoa products because Defendant fails to disclose the presence of lead in the Products.

42.    Plaintiff and reasonable consumers suffered economic injury based on the purchase of the Products.

43.    If Plaintiff had known the truth about Defendant's Products, she would not have purchased the Products or would have purchased them on different terms.

44.    Plaintiff and Class members were harmed based on money spent to purchase the Products, which they otherwise would not have spent if they had known

**CLASS ACTION COMPLAINT**

that the Products contain lead.

### D. **Reasonable Consumers Are Likely to Be Misled by Defendant's Label Representation**

45.    The following are images of the Products:



46.    As depicted above, Defendant prominently states on the Product labels that the Products are: "Great Quality. Great Price. Guaranteed. Our guarantee is our promise that you'll be fully satisfied with the quality of every Great Value product."[10]

47.    The Representation is false and misleading based on the lead contained in the Products.

48.    Reasonable consumers of Defendant's Products believe based on the label Representation that the Products are free from undisclosed, harmful elements like lead.

49.    Reasonable consumers are likely to be misled and deceived by Defendant's Representation.

---

[10] Although Defendant also offers a replacement or refund if consumers are not happy with the Products, this offer is disingenuous with respect to the lead in the Products because Defendant intentionally fails to disclose that the Products contain lead.

**CLASS ACTION COMPLAINT**

50.    The Representation is an advertising statement.

51.    The Representation is not governed by any government or FDA regulation or requirement.

52.    Defendant voluntarily makes the Representation on the labels of the Products to appeal to consumers and to increase sales of the Products.

**IV.    PARTIES**

53.    Plaintiff Jade Burnett is a citizen of California who purchased the Products in this judicial district during the class period. Plaintiff's claim is typical of all Class members in this regard.  *See* Exh. A.

54.    The advertising and labeling on the package of the Products purchased by Plaintiff, including the Representation, is typical of the advertising, labeling and representation of the Products purchased by members of the Class.

55.    The price paid by Plaintiff for the Products is typical of the price paid by members of the Class.

56.    Defendant Walmart, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

57.    Defendant and its agents manufacture, market, distribute, label, promote, advertise and sell the Products.

58.    At all times material hereto, Defendant was conducting business in the United States, including in California, through its services as a manufacturer and supplier to various stores in California and by, among other things, maintaining agents for the customary transaction of business in California.

59.    Defendant and its agents promoted, marketed and sold the Products at issue in this jurisdiction and in this judicial district.

60.    The deceptive acts and omissions giving rise to Plaintiff's claims occurred in this jurisdiction and in this judicial district.

**CLASS ACTION COMPLAINT**

61.     The unfair, unlawful, deceptive, and misleading advertising and labeling of the Products was prepared and/or approved by Defendant and its agents and was disseminated by Defendant and its agents through labeling and advertising containing the misrepresentations and omission alleged herein.

**A. Plaintiff Was Misled and Injured by Defendant's Misconduct**

62.     Plaintiff purchased the Products on numerous occasions during the Class Period.  *See* Exh. A.

63.     Plaintiff purchased the Products from Walmart stores located in San Leandro and Richmond within this judicial district. *Id.*

64.     Plaintiff purchased the Products most recently in 2024, prior to becoming the Plaintiff in this litigation. *Id.*

65.     Plaintiff is a regular Walmart shopper and is familiar with the Great Value brand, which is advertised as being a high-quality, affordable brand.

66.     Plaintiff purchased the Products for personal use.

67.     Plaintiff purchased the Products for personal consumption and for consumption by her children.

68.     At the time of purchase, Plaintiff viewed the Product label images, including the Representation.

69.     At the time of purchase, Plaintiff did not know, and had no reason to know, that the Products contain lead.

70.     Acting reasonably under the circumstances, Plaintiff relied on the Great Value reputation and the Representation, and believed that the Products were free from undisclosed, harmful elements or ingredients.

71.     Unbeknownst to Plaintiff at the time of purchase, the Products contain lead.

72.     Defendant materially omitted the fact that the Products contain lead.

73.     Had Plaintiff known at the time of purchase that the Products contain lead, Plaintiff would not have purchased the Products.

**CLASS ACTION COMPLAINT**

74.    Defendant continues to sell the misbranded Products.

75.    Plaintiff would like to purchase the Products in the future if the Products did not contain lead.

76.    Plaintiff continues to suffer harm because she is not able to rely on the labeling and advertising of the Products for their truth, and thus is unable to determine whether she can purchase the Products in the future.

77.    Unless Defendant is enjoined from failing to disclose the presence of lead in the Products in the future, Plaintiff and consumers will not be able to reasonably determine whether the lead in the Products has been address and remedied.

78.    Accordingly, Plaintiff's legal remedies are inadequate to prevent future injuries.

## V.    CLASS DEFINITION AND CLASS ALLEGATIONS

79.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself, on behalf of all others similarly situated, and as a member of the Class defined as follows:

> All citizens of California who, within four years prior to the filing of the initial Complaint, purchased Defendant's Products in the State of California and who do not claim any personal injury from using the Products (the "Class").

80.    Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has a controlling interest; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (v) any judicial officer presiding over this matter and their staff, and persons within the third degree of consanguinity to such judicial officer.

81.    Plaintiff reserves the right to amend or otherwise alter the class definition

**CLASS ACTION COMPLAINT**

presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

82.    This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

83.    **Numerosity**:  Members of the Class are so numerous that joinder of all members is impracticable.  Upon information and belief, the Class consists of hundreds of thousands of purchasers throughout the State of California.  Accordingly, it would be impracticable to join all members of the Class before the Court.

84.    **Common Questions Predominate:**  There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

- Whether Defendant's omission and failure to disclose that the Products contain lead is likely to be material to reasonable consumers;
- Whether Defendant's Representation and failure to disclose that the Products contain lead are likely to deceive reasonable consumers;
- Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising, labeling and selling the Products;
- Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*.; Cal. Bus. & Prof. Code § 17500, *et seq*.; and/or the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.;
- Whether Plaintiff and the Class have sustained damage as a result of Defendant's unlawful conduct; and
- The proper measure of damages sustained by Plaintiff and the Class.

85.    **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent because Plaintiff, like the Class members, purchased Defendant's Products. Defendant's unlawful, unfair and/or fraudulent actions concern

the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct. Plaintiff's and Class member's claims arise from the same practices and course of conduct and are based on the same legal theories.

86. **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the members of the Class Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

87. **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

      a.    The claims presented in this case predominate over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

      b.    Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

      c.    Given the size of individual Class members' claims, few, if any, members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent members have no substantial interest in individually controlling the prosecution of individual actions;

**CLASS ACTION COMPLAINT**

d. When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

e. This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

88. Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

89. The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

90. Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unfair and Unlawful Business Acts and Practices**
**(Business and Professions Code § 17200, *et seq*.)**
(***for Plaintiff and the Class***)

91. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

92. Defendant's conduct constitutes an unfair business act and practice pursuant to California Business & Professions Code §§ 17200, *et seq*. (the "UCL"). The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful,

**CLASS ACTION COMPLAINT**

unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . ..”

93.    Plaintiff brings this claim seeking restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices, as described herein; and injunctive relief to stop Defendant's misconduct, as described herein.

94.    Defendant's knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-17208.

95.    Defendant's conduct was and continues to be unfair and fraudulent because, directly or through its agents and employees, Defendant omitted and failed to disclose that the Products contain lead.

96.    Defendant was and is aware that its omission is material to consumers.

97.    Defendant was and is aware that its omission is misleading based on the Representation made on the Product labels, as described and depicted herein.

98.    Defendant had an improper motive—to derive financial gain at the expense of accuracy or truthfulness—in its practices related to the labeling and advertising of the Products.

99.    There were reasonable alternatives available to Defendant to further Defendant's legitimate business interests, other than the conduct described herein.

100.    Defendant's misrepresentation and omission of material facts, as set forth herein, also constitute an "unlawful" practice because they violate California Civil Code §§ 1572, 1573, 1709, 1710, 1711, and 1770 and the laws and regulations cited herein, as well as the common law.

101.    Defendant's conduct in making the omission described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors.

**CLASS ACTION COMPLAINT**

102.    This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

103.    In addition, Defendant's omission that the Products contain lead constitutes an "unlawful" practice because, as described herein, the Product labels fail to comply with California's Proposition 65.

104.    Accordingly, Proposition 65 provides a predicate violation for a violation of the UCL.

105.    Plaintiff and members of the Class could not have reasonably avoided injury. Defendant's uniform Representation and material omission regarding the Products were likely to deceive, and Defendant knew or should have known that its Representation and omission were misleading.

106.    Plaintiff purchased the Products with the reasonable belief that the Products were safe and did not contain harmful elements or ingredients, and without knowledge of Defendant's material omission that the Products contain lead.

107.    Plaintiff and members of the Class have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products, interest lost, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and Class members.

108.    As a result of the business acts and practices described above, Plaintiff and members of the Class are entitled to such Orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

109.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum

certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

110.    As a result of the business acts and practices described above, pursuant to § 17203, Plaintiff and members of the Class are entitled to an order enjoining such future wrongful conduct on the part of Defendant.

111.    Plaintiff lacks adequate remedies at law.

112.    Plaintiff's request for equitable relief goes beyond Plaintiff's request for legal damages.

113.    Restitution and/or disgorgement is based on Defendant's gain, rather than Plaintiff's loss.

114.    An award of restitution and/or disgorgement is more certain and potentially more efficient than an award of legal damages.

115.    Among other things, restitution and/or disgorgement can readily be measured as a sum certain accordingly to Defendant's financial records.

116.    By contrast, Plaintiff's request for legal damages may be subject to complex expert valuation, which could result in a smaller recovery, or no recovery at all.

117.    In addition, because restitution and/or disgorgement is based on Defendant's wrongdoing and its unjust enrichment, monetary damages based on restitution may be greater than the amount available as legal damages.

118.    Furthermore, as set forth herein, Plaintiff also seeks injunctive relief because her remedy at law is inadequate to allow her to determine whether the lead in the Products has been remedied and she may purchase the Products in the future.

## SECOND CAUSE OF ACTION
### Deceptive Advertising Practices
**(California Business & Professions Code §§ 17500, *et seq*.)**
**(*for Plaintiff and the Class*)**

119.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

**CLASS ACTION COMPLAINT**

120. California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising . . .."

121. Defendant violated § 17500 by making the Representation and failing to disclose that the Products contain lead; and by representing that the Products possess characteristics and value that they do not have.

122. Defendant's deceptive practices were designed to induce reasonable consumers like Plaintiff to purchase the Products.

123. Defendant's uniform Representation and material omission that the Products contain lead were likely to deceive, and Defendant knew or should have known that they were misleading.

124. Plaintiff purchased the Products in reliance on the Product labeling, including that the Product labeling was accurate as alleged herein, and without knowledge of Defendant's misrepresentations and omission.

125. Plaintiff and members of the Class have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the price paid to Defendant for the Products, interest lost, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and Class members.

126. The above acts of Defendant were and are likely to deceive reasonable consumers in violation of § 17500.

127. In making the Representation and omission alleged herein, Defendant knew or should have known that the Representation and omission were deceptive and/or misleading, and acted in violation of § 17500.

128. As a direct and proximate result of Defendant's unlawful conduct in violation of § 17500 Plaintiff and members of the Class request an Order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, as well as

**CLASS ACTION COMPLAINT**

interests and attorneys' fees.

129.  As a direct and proximate result of Defendant's unlawful conduct in violation of § 17500, Plaintiff and members of the Class request an Order pursuant to § 17535 enjoining such future wrongful conduct on the part of Defendant.

130.  Plaintiff lacks adequate remedies at law.

131.  Plaintiff's request for equitable relief goes beyond Plaintiff's request for legal damages.

132.  Restitution and/or disgorgement is based on Defendant's gain, rather than Plaintiff's loss.

133.  An award of restitution and/or disgorgement is more certain and efficient than an award of legal damages.

134.  Among other things, restitution and/or disgorgement can readily be measured as a sum certain accordingly to Defendant's financial records.

135.  By contrast, Plaintiff's request for legal damages may be subject to complex expert valuation, which could result in a smaller recovery, or no recovery at all.

136.  In addition, because restitution and/or disgorgement is based on Defendant's wrongdoing and its unjust enrichment, monetary damages based on restitution may be greater than the amount available as legal damages.

137.  Furthermore, as set forth herein, Plaintiff also seeks injunctive relief because her remedy at law is inadequate to allow her to determine whether the lead in the Products has been remedied and she may purchase the Products in the future.

### THIRD CAUSE OF ACTION
### Consumer Legal Remedies Act
### (Cal. Civ. Code § 1750, *et seq.*)
### (*for Plaintiff and the Class*)

138.  Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

139.  Plaintiff brings this action pursuant to California's Consumer Legal

**CLASS ACTION COMPLAINT**

Remedies Act, Cal. Civ. Code § 1750, *et seq*. ("CLRA").

140.    The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

141.    The Products are "goods," as defined by the CLRA in California Civil Code §1761(a).

142.    Defendant is a "person," as defined by the CLRA in California Civil Code §1761(c).

143.    Plaintiff and members of the Class are "consumers," as defined by the CLRA in California Civil Code §1761(d).

144.    Purchase of the Products by Plaintiff and members of the Class are "transactions," as defined by the CLRA in California Civil Code §1761(e).

145.    Defendant violated Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have" by making the Representation and materially omitting and failing to disclose that the Products contain lead, as described herein.

146.    Defendant also violated section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . if they are of another" by making the Representation and materially omitting and failing to disclose that the Products contain lead.

147.    In addition, Defendant violated section 1770(a)(9) by advertising the Products "with intent not to sell them as advertised" in that the Products are misrepresented and misbranded as described herein.

148.    Defendant's uniform Representation and omission regarding the Products were likely to deceive, and Defendant knew or should have known that its Representation and omission were deceptive and/or misleading.

149.    Plaintiff and members of the Class relied on Defendant's unlawful conduct

**CLASS ACTION COMPLAINT**

and could not have reasonably avoided injury.

150.   Plaintiff and members of the Class were unaware of the existence of facts that Defendant suppressed and failed to disclose, including that the Products contain lead.

151.   Plaintiff and members of the Class would not have purchased the Products had they known the truth about the lead in the Products.

152.   Plaintiff and members of the Class have been directly and proximately injured by Defendant's conduct.

153.   Such injury includes, but is not limited to, the purchase price of the Products and/or the price of the Products at which they were offered.

154.   Moreover, Defendant's conduct is malicious, fraudulent, and/or wanton in that Defendant intentionally misled and withheld material information from consumers, including to increase the sale of the Products.

155.   As a direct and proximate result of Defendant's unlawful conduct in violation of the CLRA, Plaintiff and members of the Class request an Order pursuant to § 1780 enjoining such future wrongful conduct on the part of Defendant.

## **PRAYER**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendant as follows:

A.   For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Class; and naming Plaintiff's attorneys as Class Counsel to represent the Class;

B.   For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

C.   For an order awarding, as appropriate, equitable damages in the form of restitution and/or disgorgement to Plaintiff and the Class;

D.   For an order awarding injunctive relief;

**CLASS ACTION COMPLAINT**

E.    For an order awarding attorneys' fees and costs; and

F.    For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.


Dated:  January 7, 2025                     Respectfully submitted,

                                            KAMBERLAW, LLP


                                            By:   */s/ Naomi B. Spector*
                                                  NAOMI B. SPECTOR

                                            3451 Via Montebello, Ste.192-212
                                            Carlsbad, CA 92009
                                            Phone: 310.400.1053
                                            Fax: 212.202.6364
                                            Email: nspector@kamberlaw.com

**CLASS ACTION COMPLAINT**