**KAMBERLAW, LLP**
Naomi B. Spector, Bar No. 222573
Email: nspector@kamberlaw.com
3451 Via Montebello, Ste.192
Carlsbad, CA 92009
Phone: 310.400.1053
Fax: 212.202.6364

*Attorney for Plaintiff JADE BURNETT, and the Putative Class*

**SHOOK, HARDY & BACON, L.L.P.**
Naoki S. Kaneko, Bar No. 252285
Email: nkaneko@shb.com
Thomas V. Wynsma, Bar No. 293713
Email: twynsma@shb.com
Sarah Garbuzov (SBN345909)
Email: sgarbuzov@shb.com
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614
Phone: 949.475.1500
Fax: 949.475.0016

M. Kevin Underhill, Bar No. 208211
Email: kunderhill@shb.com
555 Mission Street, Suite 2300
San Francisco, CA 94104
Phone: 415.544.1900
Fax: 415.391.1400

*Attorneys for Defendant WALMART INC.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

JADE BURNETT, individually, and on behalf of others similarly situated,

Plaintiff,

vs.

WALMART, INC.,

Defendant.

CASE NO. 4:25-cv-00228-YGR

**JOINT CASE MANAGEMENT STATEMENT**

Date: April 14, 2025
Time: 2:00 P.M.
Judge: Hon. Yvonne Gonzalez Rogers
Courtroom: Zoom

Complaint Filed: January 7, 2025

Plaintiff Jade Burnett ("Plaintiff") and Defendant Walmart Inc. ("Walmart" or "Defendant") (collectively the "Parties"), by and through their counsel, submit this Joint Case Management Statement pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Court's Order dated January 30, 2025 (Dkt. 15).

**1. JURISDICTION AND SERVICE**

Plaintiff alleges that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because the proposed Class consists of over 100 members; minimal diversity exists; and the amount in controversy exceeds $5,000,000, exclusive of costs and interest. *See* Complaint, Dkt. 1 ("Compl."), ¶ 12. Defendant was served on January 10, 2025. Dkt. 9. There are no issues regarding personal jurisdiction or venue and, at this time, no parties remain to be served.

**2. FACTS**

**Plaintiff's Statement:**

***Factual Statement.*** Plaintiff brings this case pursuant to California consumer protection law based on Defendant's misrepresentation concerning in the quality of its Great Value Milk Chocolate Flavor Hot Cocoa Mix (the "Products") and material failure to disclose that the Products contain a substantial amount of lead. *See* Class Action Complaint, Doc. No. 1, ¶¶ 1-8. Defendant prominently represents on the labels of the Products that they are "Great Quality. Great Price. Guaranteed. Our guarantee is our promise that you'll be fully satisfied with the quality of every Great Value product." *Id.* ¶ 46 (The "Representation"). This Representation is misleading to consumers based on the lead contained in the Products. *Id.* ¶ 47. The amount of lead contained in the Products is more than twice the Maximum Allowable Dose Level ("MADL") for reproductive toxicity under Proposition 65. *Id.* ¶¶ 3-4. Separate and apart from Proposition 65, ingestion of lead can harm multiple organ system, including the brain, kidneys and heart. *Id.* ¶¶ 15-18. Lead is particularly dangerous and detrimental to children, especially in the amounts contained in Defendant's Products. *Id.* ¶¶ 19-22. Plaintiff would not have bought the Products if she had known that they contain lead and was harmed based on the money spent to Purchase the Products, which are not what they are represented to be. *Id.* ¶ 44.

***Principal Factual Issue.*** Plaintiff anticipates that the principal factual issue in dispute is whether Defendant violated the law by making the label Representation but failing to disclose the lead in the Products.

***Local Civil Rule 16-9(b).*** Pursuant to Civil Local Rule 16-9(b), Plaintiff also states as follows:

(1) The specific paragraphs of Federal Rule of Civil Procedure 23 under which the action is maintainable as a class action are: Rule 23(a) and Rule 23(b).

(2) The following is a description of the proposed Class: All citizens of California who, within four years prior to the filing of the initial Complaint, purchased Defendant's Products in the State of California and who do not claim any personal injury from using the Products (the "Class"). *Id.* ¶ 79.

(3) The facts showing that Plaintiff is entitled to maintain the action as a class action under Rule 23(a) and (b) are set forth in Paragraphs 83-90 of Plaintiff's Complaint and summarized here:

**Numerosity**. Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of hundreds of thousands of purchasers throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court. *Id.* ¶ 83.

**Commonalty**. There are numerous questions of law or fact common to all members of the Class that predominate over any individual issues, including: whether Defendant's omission and failure to disclose that the Products contain lead is likely to be material to or to deceive a reasonable consumer; whether Defendant violated California law; and whether Plaintiff and the Class have been injured by Defendant's conduct. *Id.* ¶ 84.

**Typicality**. Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent because: (i) Plaintiff, like the Class members, purchased Defendant's misbranded Products; (ii) Plaintiff's and Class member's claims arise from the same practices and course of conduct; and (iii) Plaintiff's and Class member's claims are based on the same legal theories. *Id.* ¶ 85.

**Adequacy**. Plaintiff's interests do not conflict with the interests of the members of the Class Plaintiff seeks to represent and Plaintiff has retained counsel experienced and competent in the prosecution of complex class actions. *Id.* ¶ 86.

**Superiority and Substantial Benefit**. Among other things, a class action is superior because: (i) Class claims predominate; (ii) absent a Class the members of the Class will continue to suffer damage; (iii) few Class members could afford to or would seek legal redress individually; (iv) claims of all Class members can be administered and managed efficiently; and (v) a class action is the best available means to seek redress for Defendant's conduct, including because individual actions risk creating inconsistent adjudications. *Id.* ¶¶ 87-90.

(4) As set forth in Section 16 below, the Parties propose that the date by which Plaintiff should file a motion for class certification is January 30, 2026.

**Defendant's Statement:**

This case is about a purported omission and certain alleged misrepresentations. According to Plaintiff, the label for Walmart's Great Value Milk Chocolate Flavor Hot Cocoa Mix fails to disclose that the product contains lead and, for the same reason, misleadingly states it has "Great Quality," "Great Price," and "Great Value." But the statements at issue are included on the packaging for all of Walmart's private-label "Great Value" branded consumable products. In other words, they are not limited to the specific characteristics or composition of Walmart's hot cocoa mix. At most, these statements are non-actionable puffery.

Further, Plaintiff was a seemingly avid purchaser of Walmart's product, having bought it "on numerous occasions," until she allegedly learned through unidentified third-party testing that the product contains lead. Plaintiff claims there is no safe level of lead, but does not explain how or at what lead levels the product goes from safe to unsafe. Instead, she alleges the amount of lead is high enough to require a Prop 65 label. Yet she claims this is not a Prop 65 action. There is a likely reason for that: the level she alleges is actually well below the applicable Prop 65 threshold. Plaintiff fails to explain why the product is not subject to a consent judgment that sets alternative Prop 65 lead thresholds for determining compliance.

Perhaps aware of this, Plaintiff's position is that any amount of lead is dangerous, and as a result, alleges Walmart had a duty to disclose the presence of lead. But Plaintiff fails to explain how

Prop 65's safe-harbor level for lead, which is limited to determining only whether a product should include a Prop 65 warning, demonstrates a safety hazard.

The remainder of Plaintiff's complaint is conclusory as she fails to plead with the requisite particularity the "when," "how," or "why" of her fraud claims and fails to particularly or plausibly allege why the product she purchased is "unsafe." Her allegations concerning unidentified third-party testing fail to show why the testing even applies to the products she purchased but did not test herself.

**3. LEGAL ISSUES**

Plaintiff asserts claims for violation of: California Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.*; California Deceptive Advertising Practices, CAL. BUS. & PROF CODE § 17500 *et seq.*; and California Consumers Legal Remedies Act, CAL. CIV. CODE § 1750 *et seq*.

**Plaintiff's Statement**:

Plaintiff anticipates that the disputed points of law will include whether reasonable consumers are misled by Defendant's conduct, and whether the case should be certified as a class action.

**Defendant's Statement**:

Plaintiff's claims suffer from multiple fatal legal defects. For the reasons set forth in Section 2, above, and in Defendant's pending Motion to Dismiss, Plaintiff cannot state a claim under the UCL, FAL, or CLRA. The only purported misrepresentations Plaintiff identifies are terms like "great value," "great price," and "great quality." Again, those terms are puffery, and no reasonable consumer would construe them as making representations about lead. And aside from conclusory allegations of general harms possible from lead, Plaintiff fails to explain why the amounts allegedly identified in third-party testing constitute an unreasonable safety hazard.

Plaintiff's fraud claims fail for the same reasons as the deceptive labeling claims, and because Plaintiff failed to plead fraud with the requisite particularity. Plaintiff also has not pleaded facts showing the product she purchased contained lead or contained lead in levels that violate Prop 65. Finally, Plaintiff cannot establish standing to seek injunctive relief, and her remaining claims for equitable relief should be dismissed because she fails to plead facts showing she lacks an adequate legal remedy.

**4. MOTIONS**

Walmart's Motion to Dismiss is fully briefed, *see* Dkt. Nos. 16-19, and it is currently scheduled to be heard on April 22, 2025.

**Plaintiff's Statement**

Plaintiff anticipates filing a motion for class certification. Plaintiff may also file a motion for summary judgment or partial summary judgment.

**Defendant's Statement**

If the case proceeds past the Motion to Dismiss stage, Walmart anticipates opposing Plaintiff's anticipated motion for class certification, and anticipates filing a motion for summary judgment. Walmart may also file (or oppose) motions relating to discovery or admissibility of evidence at trial.

**5. AMENDMENT OF PLEADINGS**

**Plaintiff's Statement**

It is possible that Plaintiff will seek to amend her Complaint. As set forth in Section 16 below, the parties propose September 8, 2025 as the deadline for amendment (assuming no discovery stay is entered), except to narrow the proposed class definition. The parties propose that the deadline to amend to narrow the class definition be January 30, 2026.

**Defendant's Statement**

Plaintiff's Complaint should be dismissed with prejudice, and its defects are incurable. Walmart opposes any further amendment.

**6. EVIDENCE PRESERVATION**

Counsel for the Parties have reviewed the ESI Guidelines. The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding the scope of evidence preservation relevant to the issues in this action. The Parties agree to take all necessary steps to comply with their obligations to preserve evidence relevant to the issues in this action.

**7. DISCLOSURES**

The parties have agreed to exchange initial disclosures by May 16, 2025. Plaintiff served her initial disclosures by email on April 7, 2025.

**8. DISCOVERY**

There has been no discovery taken to date.

**Plaintiff's Statement**

Plaintiff expects that the scope of anticipated discovery will encompass Plaintiff's claims and Defendant's defenses during the putative class period. Plaintiff does not propose any limitations or modifications of the discovery rules.

The Parties have agreed to accept service of discovery requests and responses and production of electronic documents via email. The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulated protective order governing the discovery and use of confidential information. The Parties' proposed discovery deadlines are set forth in Section 16 below. To date, the Parties have not identified any discovery disputes.

**Defendant's Statement**

In light of its pending Motion to Dismiss, Walmart believes discovery should be stayed pending resolution of its motion. Should the case proceed, Walmart anticipates discovery will be needed on issues related to standing, reliance, damages, and class certification, including but not limited to Plaintiff's alleged purchases and purchasing habits. Initially, Walmart anticipates deposing Plaintiff and other fact witnesses and serving written discovery. Responses to these will guide further discovery.

**9. CLASS ACTIONS**

**Plaintiff's Statement**

Plaintiff anticipates filing a motion for class certification and has addressed scheduling in Section 16 below. Defendant intends to oppose Plaintiff's Motion for Class Certification consistent with the proposed schedule below. Counsel of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

**Defendant's Statement**

Walmart is confident the prerequisites for class certification cannot be met in this case. Among other problems, Rule 23(a)(2)'s commonality and typicality requirements cannot be met, since it is unlikely any putative class members were materially misled in the manner alleged by Plaintiff; Rule

23(b)(3)'s predominance requirement also cannot be satisfied here, due to individualized issues including but not limited to reliance and lack of evidence that members of the putative classes paid a discernible "price premium;" and Plaintiff cannot obtain certification under Rule 23(b)(2) due to her lack of standing to pursue injunctive relief. Should the Court deny any part of Walmart's pending Motion to Dismiss, Walmart proposes the schedule outlined in Section 16.

**10. RELATED CASES**

The Parties are not aware of any related cases or proceedings pending before another judge of this court or before another court or administrative body.

**11. RELIEF**

**Plaintiff's Statement**

Plaintiff seeks equitable and legal damages as well as injunctive relief. Plaintiff seeks damages based on the amount paid to purchase the Products, which Plaintiff and Class members would not have spent if they knew the Products contain lead. *Id.* ¶¶ 43-44. In addition, Plaintiff seeks injunctive relief enjoining Defendant from failing to disclose the presence of lead in the Products in the future. *Id.* ¶ 75-77.

**Defendant's Statement**

Walmart maintains that Plaintiff is not entitled to any relief for the reasons set forth in its pending Motion to Dismiss.

**12. SETTLEMENT AND ADR**

No ADR efforts have been made to date. The parties filed ADR certifications on March 27, 2025. Dkt. Nos. 21 & 22.

**Plaintiff's Statement**

Plaintiff is open to ADR and settlement discussions.

**Defendant's Statement**

Walmart believes ADR is premature at this time given its pending motion to dismiss.

**13. OTHER REFERENCES**

The Parties do not believe at this time that this case is suitable for reference to a binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

The parties anticipate that the issues may be narrowed through dispositive motion practice.

**Defendant's Statement**

To the extent the Court denies any part of Walmart's pending Motion to Dismiss, Walmart proposes streamlining the issues as outlined in Walmart's proposal for phased discovery in Section 8 above, subject to the reservation of rights also noted in Section 8.

**15. SCHEDULING**

Walmart respectfully requests that discovery be stayed pending resolution of its Motion to Dismiss. Plaintiff believes that a stay is unnecessary. If there is no discovery stay, the parties jointly propose the schedule set forth below.

The parties do not propose entering a schedule beyond class certification. Rather, the parties contemplate completing fact and expert discovery before this Court rules on Plaintiff's class certification motion. If further discovery is necessary following this Court's class certification ruling, the parties propose to submit a status report that (i) addresses whether further discovery should be permitted following this Court's class certification ruling, and (ii) proposes a schedule to govern the remainder of the case, including deadlines for dispositive motions, a pretrial conference, and a trial. The parties jointly propose the following schedule for the Court's consideration:

**Joint Proposed Schedule if No Discovery Stay is Entered**

| **Event** | **Date** |
|---|---|
| Deadline to amend the pleadings and/or join new parties, except to narrow the operative alleged class definition | September 8, 2025 |
| Close of fact discovery | January 30, 2026 |
| Deadline to narrow the operative alleged class definition | January 30, 2026 |

| | |
|---|---|
| Deadline to file Plaintiff's Motion for Class Certification, including any expert reports upon which Plaintiff relies in the motion | January 30, 2026 |
| Deadline to complete depositions and document productions for Plaintiff's experts re: Class Certification | February 27, 2026 |
| Deadline to file Defendant's Opposition to Class Certification, including any counter expert reports upon which Defendant relies in its motion | March 27, 2026 |
| Deadline to complete depositions and document productions for Defendant's experts re: Class Certification | April 24, 2026 |
| Deadline to file Plaintiff's Reply in Support of Class Certification, including any rebuttal expert reports upon which Plaintiff relies in the motion | May 22, 2026 |
| Hearing on Plaintiff's Motion for Class Certification | Per Court Order |
| Deadline to file a status report and proposed schedule to govern the remainder of the case | 14 days after ruling on Plaintiff's motion For Class Certification |
| Pretrial Conference | Per Court Order |
| Trial | Per Court Order |

**16. <u>TRIAL</u>**

**<u>Plaintiff's Statement</u>**

Plaintiff has requested a jury trial for all issues and damages so triable. Plaintiff estimates that the expected length of trial will depend on whether this Court grants Plaintiff's motion for class certification, but anticipates that a trial of Plaintiff's individual claims could be completed within five days.

**<u>Defendant's Statement:</u>**

Walmart believes it is premature to estimate the length of any trial, as that will depend on, among other things, the scope and outcome of the Court's rulings on Walmart's Motion to Dismiss the complaint and Plaintiff's class certification motion. Walmart reserves the right to contest Plaintiff's demand for a jury trial depending upon the claims and relief ultimately at issue.

**17. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>**

Plaintiff is not aware of any non-party interested entities or persons other than the putative members of the Class. Dkt. No. 3. Walmart filed its Certificate of Interested Entities on April 7. Dkt.

No. 23.

**18. PROFESSIONAL CONDUCT**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. OTHER MATTERS**

None at this time.

Dated: April 7, 2025

Respectfully submitted,

**KAMBERLAW, LLP**

By: */s/ Naomi B. Spector*

Naomi B. Spector, Bar No. 222573
Email: nspector@kamberlaw.com
1501 San Elijo Road South, Ste.104
San Marcos, CA 92078
Phone: 310.400.1053
Fax: 212.202.6364

*Attorney for Plaintiff JADE BURNETT and the putative Class*

Date: April 7, 2025

**SHOOK, HARDY & BACON, L.L.P.**

By: */s/ Naoki S. Kaneko*

Naoki S. Kaneko, Bar No. 252285
Email: nkaneko@shb.com
Thomas V. Wynsma, Bar No. 293713
Email: twynsma@shb.com
Sarah Garbuzov (SBN345909)
Email: sgarbuzov@shb.com
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614
Phone: 949.475.1500
Fax: 949.475.0016

M. Kevin Underhill, Bar No. 208211
Email: kunderhill@shb.com
555 Mission Street, Suite 2300
San Francisco, CA 94104
Phone: 415.544.1900
Fax: 415.391.1400

*Attorneys for Defendant*
*WALMART INC.*

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all signatories have concurred in its filing.

Date: April 7, 2025 By: */s/ Naomi B. Spector*
Naomi B. Spector, Esq.